IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HARDY K. AH PUCK, JR.,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF HAWAIʻI,<br><br>Defendant. | Case No. 19-cv-00120-DKW-RLP<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On March 7, 2019, the Clerk's Office received a letter from Hardy K. Ah Puck, Jr. Dkt. No. 1. In the letter, Ah Puck, arguably, seeks to initiate a civil proceeding. Against whom and why are not obvious. In any event, to the extent Ah Puck intended to initiate a new civil proceeding, as with any such litigant, he was required to pay the civil filing fees or file an application to proceed *in forma pauperis*. Having done neither, Ah Puck was instructed to do so. Dkt. No. 3.

On March 21, 2019, Ah Puck filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 5. In the IFP Application, Ah Puck has named the State of Hawaiʻi as a defendant, which, perhaps, clarifies at least one

---

[1] Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.

mystery in this potential case. Unfortunately, the IFP Application does not clarify matters important to the application's underlying purpose–namely, whether Ah Puck has sufficient income to pay the civil filing fees.

"[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Ah Puck has failed to do so. In the IFP Application, in response to the questions about the amount of Ah Puck's gross pay and take-home pay, respectively, the application fills in the blanks with the words "allowance"[2] and "cash." The answers to those questions, though, should be a *number*, not a description. Although Ah Puck appears to have more clearly answered other questions in the IFP Application, because he has failed to provide the amount of income he receives in the form of wages, the Court cannot ascertain whether he is unable to pay the civil filing fees. As a result, the IFP Application, Dkt. No. 5, is DENIED without prejudice.

---

[2]The Court notes that the word appears to be "allowance," but the legibility makes it difficult to be sure.

To the extent Ah Puck elects to continue with this potential action, he <u>must</u> file a new application to proceed *in forma pauperis*. Should he do so, Ah Puck <u>must</u> provide the dollar amount for his gross pay or wages and his take-home pay or wages. Ah Puck may have until **April 10, 2019** to file a new application to proceed *in forma pauperis*. **The failure to file a complete and clear application to proceed *in forma pauperis* or pay the civil filing fee in full by April 10, 2019 will result in the dismissal of this action without further consideration of the merits of any potential claim that may be asserted in the letter discussed above.**

The Clerk of Court is directed to mail Ah Puck a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240) so that he may comply with this Order.

IT IS SO ORDERED.

Dated: March 28, 2019 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*Ah Puck v. State of Hawai'i*, Case No. 19-cv-00120-DKW-RLP; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**