IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HARDY K. AH PUCK, JR., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF HAWAI'I, <br><br> Defendant. | Case No. 19-cv-00120-DKW-RLP <br><br> **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITH LEAVE TO AMEND.**[1] |

On April 18, 2019, Plaintiff Hardy K. Ah Puck, Jr., proceeding pro se, filed a third application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 10. Because the IFP Application now provides the financial information necessary to assess whether Ah Puck has the ability to pay the filing fee in this case, and that information reflects that he cannot, the Court GRANTS the IFP Application. However, because it is not possible to discern what (if any) claims Ah Puck is attempting to bring in the letter he filed initiating this case, Dkt. No. 1, this action is DISMISSED with leave to amend.[2]

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.
[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state

## I. The IFP Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Ah Puck has now made the required showing under Section 1915(a). In the IFP Application, Dkt. No. 10, Ah Puck appears to state that he is self-employed, making $10 a day and $50 per week. Further, Ah Puck states that he receives no other income, has no money in a checking or savings account, and owns no automobile, real property, or financial instruments. In light of these figures, Ah Puck's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2019 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines. In addition, Ah Puck has insufficient assets to provide security. As a result, the Court GRANTS the IFP Application, Dkt. No. 10.

---

a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## II. Screening

The Court liberally construes the pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

On March 7, 2019, Ah Puck initiated this action by mailing a letter to the Clerk's Office of this Court. Dkt. Nos. 1, 1-4. The letter is a page in length and contains one (fairly long) paragraph of relevant text. In that text, it appears that Ah Puck is attempting to apprise the Court of a situation where he, while incarcerated,[3] was unable to visit his ill father prior to his father's death. Ah Puck may be contending that his inability to visit his father was a constitutional violation. He may, however, be suggesting that he has an entitlement to death benefits. He could, of course, be asserting both of the foregoing matters or perhaps neither. Put simply, it is far from easy to tell.

The purpose of filing what is usually a complaint is, at a bare minimum, to place the party against whom the complaint is directed on fair notice of the claims

---

[3] It does not appear that Ah Puck is currently incarcerated, given that the mailing address he has provided is not one in a correctional facility.

against him, her, or it. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (explaining that Federal Rule of Civil Procedure 8(a) requires "fair notice" of the nature of the claim and the grounds upon which it rests). Here, Ah Puck has failed to meet this bare requirement. In addition, from the letter, it is impossible to discern against whom Ah Puck's claim(s) are directed, as no party is named as a defendant.

As a result, the Court must dismiss this action. However, because it is possible that Ah Puck is attempting to allege one or more plausible claims for relief, the Court will allow him leave to amend to do just that. In that regard, the Court will mail Ah Puck a copy of a form complaint for use in a civil pro se proceeding such as this one. Should Ah Puck choose to use the form mailed to him, he should answer **all** of the questions clearly and concisely.

Should Ah Puck choose to use some other written form to present his claims, he still must allege the facts and claims in a clear and concise manner. So it is not misunderstood, the letter, Dkt. No. 1, is **not** clear, so Ah Puck should not simply repeat the text therein. Instead, Ah Puck must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how

the action or inaction of a defendant is connected to the violation of Ah Puck's right(s); (6) what specific injury he suffered because of a defendant's conduct; and (7) what relief he seeks.

## III. Conclusion

Ah Puck's application to proceed *in forma pauperis*, Dkt. No. 10, is GRANTED. This action is DISMISSED with leave to amend as set forth herein.

Ah Puck may have until **May 31, 2019** to file a complaint. **The Court cautions Ah Puck that failure to file a complaint by May 31, 2019 may result in the automatic dismissal of this action without prejudice.**

The Clerk is directed to mail Ah Puck a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: April 30, 2019 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

Hardy K. Ah Puck, Jr., vs. State of Hawaii; Civil No. 19-00120 DKW-RLP; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITH LEAVE TO AMEND**