IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HARDY K. AH PUCK, JR., | Case No. 19-cv-00120-DKW-WRP |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION**[1] |
| TRACY JONES, *et al.*, | |
| Defendants. | |

On April 30, 2019, this Court dismissed this case, but with leave for Plaintiff Hardy K. Ah Puck, Jr. to provide clarity, in an amended complaint, as to the claims (if any) he was attempting to bring. Dkt. No. 11. Since then, Ah Puck has filed two complaints, as well as what appears to be a demand for damages. Those filings, though, reflect that Ah Puck is not attempting to bring a legitimate claim in this action. As a result, this action is DISMISSED without any further leave to amend.[2]

## I. Screening

The Court liberally construes a pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se

---

[1]Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.

[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

On March 7, 2019, Ah Puck initiated this action by mailing a letter to the Clerk's Office of this Court. Dkt. Nos. 1, 1-4. In the letter, Ah Puck appeared to assert that, while he was incarcerated, he was unable to visit his ill father prior to his father's death. It was not clear, though, whether Ah Puck was asserting this as a constitutional violation, an entitlement to death benefits, both, or neither. As the Court observed, it was simply far from easy to tell. The Court further observed that matters were unclear due to Ah Puck not naming a defendant. Nonetheless, because it was possible that Ah Puck was attempting to allege a plausible claim for relief, the Court granted him leave to file an amended complaint, in which he was instructed to set forth his claims clearly and concisely.

On May 8, 2019, Ah Puck made the first of two filings on the Court's form complaint for use in a civil pro se proceeding. Dkt. No. 12. Therein, in the section of the form for a statement of the claim, Ah Puck stated just the following: "if am the Kingdom of Hawaii, who are you!" *Id*. at 5. Other than that, the May 8 complaint names the Attorney General of Hawai'i and a "prosecution attorney," Tracy Jones, as defendants. Attached to the May 8 complaint is a copy of a notice of electronic filing followed by this statement: "Loosers [*sic*] must pay the bills. I have until

May 31, 2019 to file a complaint.   I am the Kingdom of Hawaii[,] who are you. Qui tam action."   Dkt. No. 12-1 at 2.

Roughly two weeks later, on May 23, 2019, Ah Puck filed a second form complaint.   Dkt. No. 14.   Therein, he asserts that there is a federal question basis for jurisdiction, which appears to be the first 26 amendments to the U.S. Constitution, and a diversity basis for jurisdiction.   The May 23 complaint also contains further assertions in the statement of the claim section.   Ah Puck states that this action is "for all the claims (1) Act 156 wrongful imprisonment (2) death benefits [be]cause they did not let me go to see [my father] in hospice care before he passed on, as a beneficiary.   And social security."   *Id*. at 5.   In addition to the Attorney General of Hawaiʻi and Tracy Jones, Ah Puck also names "Judge Cordoza" and the U.S. President as defendants.   On May 23, 2019, Ah Puck filed another document.   Dkt. No. 15.   Therein, he appears to provide additional explanation of his claims.   More specifically, he asserts that he "went to jail for a mistrial," "[t]he courts are one sided on a big shame [*sic*] of entrapment," and he suffered from prosecutorial misconduct.   *Id*. at 1-2.

Finally, on June 3, 2019, Ah Puck filed another document, in which he states the damages allegedly due him.   He states that he is due "one google plexi per suit, per case, per issue, of the globe."[3]   Dkt. No. 16.   In the May 23 complaint, Ah Puck

---

[3]Although it is far from clear, Ah Puck may be asking for a Google Pixel smartphone.

also appears to ask for the expungement of all felonies and misdemeanors for which he has been convicted. Dkt. No. 14 at 5-6.

In the April 30, 2019 Order, the Court granted Ah Puck leave to provide clarity to this case. Instead, all he has done is show that this is a frivolous case subject to dismissal. Liberally construing the collection of documents filed since April 30, 2019, arguably, Ah Puck seeks (1) to expunge one or more criminal convictions that he has received, (2) benefits related to his father's death, and (3) social security benefits. As for the first, this Court cannot expunge or overturn Ah Puck's state criminal convictions in this non-habeas proceeding. The Court can also not award Ah Puck damages for any allegedly improper conviction. *See Heck v. Humphrey*, 512 U.S. 477, 487-487 (1994) (holding that, in order for a plaintiff to recover damages for an allegedly unconstitutional conviction or imprisonment, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence has been, *inter alia*, reversed on direct appeal or called into question by the issuance of a writ of habeas corpus). Ah Puck does not allege that his convictions have been reversed or called into question. Moreover, given that he is asking this Court to reverse the convictions, it is clear that they have not been. Therefore, the Court declines to grant leave to amend this potential claim. *See Gardner v. Martino*, 563 F.3d 981,

990 (9th Cir. 2009) (explaining that leave to amend need not be granted when doing so would be futile).

As for the second, although it was possible that Ah Puck was seeking death benefits related to the facts asserted in the March 7, 2019 letter, in none of the documents filed after April 30, 2019 does he allege facts suggesting that any of the defendants can provide him with such benefits. Rather, he appears to be suing the named defendants in light of his attempt to overturn his convictions. Because the Court has already provided Ah Puck leave to amend this claim, the Court declines to grant him further leave to attempt to do that which he has already failed to do across multiple documents. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (stating that a court may deny leave to amend due to repeated failure to cure deficiencies by amendments previously allowed).

As for the third, in the May 23 complaint, Ah Puck states only "[a]nd social security." Dkt. No. 14 at 5. There is no other mention of social security in the record. Assuming Ah Puck is seeking social security benefits, he makes no allegations explaining why he is entitled to the same, or even why this would be the correct proceeding to seek them. As a result, this claim is frivolous, and, for that reason, the Court declines to grant leave to amend it.

## II. Conclusion

This action is DISMISSED without further leave to amend. The Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

Dated: June 18, 2019 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge