IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HARDY K. AH PUCK, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACY JONES, *et al.,*<br><br>    Defendants. | Case No. 19-cv-00120-DKW-WRP<br><br>**ORDER DENYING AS-CONSTRUED MOTION TO ALTER OR AMEND JUDGMENT**[1] |

On June 18, 2019, the Court dismissed this case without further leave to amend because the documents Plaintiff Ah Puck had filed clearly indicated this case was frivolous. On July 11, 2019, Plaintiff made the first of three filings, which, collectively, the Court will liberally construe as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) ("the motion to amend").[2] Dkt. Nos. 19-21.

Four basic grounds exist for granting a motion brought pursuant to Rule 59(e). They are: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly

---

[1] Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.

[2] When a motion is filed within 28 days of judgment, it is construed as one brought pursuant to Rule 59(e) rather than Federal Rule of Civil Procedure 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-899 (9th Cir. 2001) (considering a prior version of Rule 59(e) that required filing within 10 days of judgment).

discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

However liberally Ah Puck's filings that comprise the motion to amend are construed, they do not come close to relying on any of the four grounds mentioned above. Instead, the motion appears to state that the purpose of this action is to bring claims related to (1) Ah Puck being punched in the jaw by an unidentified assailant after his release from jail, and (2) entrapment, a mistrial, and prosecutorial misconduct in connection with a state proceeding against Ah Puck. Although it is not perfectly clear, Plaintiff appears to believe that he can use this action as a vehicle to resuscitate or challenge cases that have been dismissed and/or he has lost. That he cannot do. Moreover, as the Court explained in the June 18, 2019 Order, Ah Puck cannot challenge criminal convictions that have neither been reversed nor called into question. *See* Dkt. No. 17 at 4. As for Ah Puck allegedly being punched in the jaw, to the extent he is attempting to bring a claim related to that event, the Court did not provide him leave to do so and, in any event, it has no apparent relationship to any of the defendants named in this action or to any of the claims that Ah Puck attempted to assert prior to the entry of judgment.

For these reasons, the motion to amend, Dkt. Nos. 19-21, is DENIED.

IT IS SO ORDERED.

Dated: July 31, 2019 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge